UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHLEE HENDERSON and RUBY HENDERSON a married couple, and L.W.C.H. by his parent and next friend Ruby Henderson, *et al.*, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:15-cv-00220-TWP-MJD ) |
| DR. JEROME ADAMS in his official capacity as Indiana State Health Commissioner, *et al.*, | ) ) ) |
| Defendants. | ) |

**ENTRY ON DEFENDANT'S MOTION
TO ALTER OR AMEND JUDGMENT**

This matter is before the Court on a Motion to Alter or Amend Judgment ("Motion to Amend Judgment") filed pursuant to Federal Rule of Civil Procedure 59(e) by Defendant Dr. Jerome Adams in his official capacity as the Indiana State Health Commissioner ("State Defendant") ([Filing No. 119](#)). The Plaintiffs in this case are a number of female, same-sex married couples and their children whose birth certificates list only the birth mother as a parent with no second parent. The Plaintiffs initiated this lawsuit, seeking injunctive relief to list both the birth mother and her same-sex spouse on their children's birth certificate and to have their children recognized as children born in wedlock. They also sought a declaratory judgment that Indiana Code §§ 31-9-2-15, 31-9-2-16, and 31-14-7-1 violate the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

Following cross-motions for summary judgment, the Court granted the County Defendant's motion for summary judgment, granted the Plaintiffs' motion for summary judgment against the State Defendant, and denied the State Defendant's motion for summary judgment

(Filing No. 116). The Court entered declaratory relief and a permanent injunction in favor of the Plaintiffs as well as a Rule 58 final judgment (Filing No. 117; Filing No. 118). The State Defendant then filed its Motion to Amend Judgment, asking the Court to clarify aspects of the declaratory relief and permanent injunction and to remove any declaration or injunction that the children are "born in wedlock", as defined in the Wedlock Statutes, Indiana Code §§ 31-9-2-15 and 31-9-2-16 (Filing No. 119 at 1). For the following reasons, the State Defendant's Motion to Amend Judgment is **granted in part and denied in part**.

## I.    BACKGROUND

Plaintiffs Ashlee Henderson, Ruby Henderson, L.W.C.H., Nicole Singley, Jennifer Singley, H.S., Elizabeth Bush-Sawyer, Tonya Bush-Sawyer, I.J.B-S, Cathy Bannick, Lyndsey Bannick, H.N.B., Nikkole McKinley-Barrett, Donnica Barrett, G.R.M.B., Calle Janson, Sarah Janson, F.G.J., Jackie Phillips-Stackman, Lisa Phillips-Stackman, L.J.P-S, Noell Allen, and Crystal Allen (collectively "Plaintiffs") are female, same-sex married couples and their children whose birth certificates list only the birth mother as a parent with no second parent.

Plaintiffs Elizabeth and Tonya Bush-Sawyer were married in 2010 in Washington, D.C. They artificially conceived I.J.B-S, who was born on January 10, 2014. When I.J.B-S was born, Elizabeth, the birth mother, completed the Indiana Birth Worksheet and provided Tonya's information for all the questions that asked about the father of the child. After returning home from the hospital with I.J.B-S, the couple received a birth confirmation letter that listed both women as the parents of I.J.B-S and that listed the child's name as a hyphenated version of both their last names. In March 2014, Elizabeth went to the Marion County Health Department to obtain a birth certificate for I.J.B-S. At the health department, she was told there was something wrong, and she would need to return the next day. When she returned, Elizabeth was presented with a birth

2

certificate that listed her as the only parent of I.J.B-S, and the child's name had been changed from I.J.B-S to I.J.B. Shortly thereafter, Elizabeth and Tonya received a new social security card for I.J.B-S, which listed the name as I.J.B.

Because of this incident, Tonya sought a stepparent adoption, which required her to undergo fingerprinting and a criminal background check in addition to submitting her driving record, her financial profile, and the veterinary records for any pet living in the home. A home study was required, which examines the relationship history of Elizabeth and Tonya, requires them to write an autobiography and to discuss their parenting philosophy, and requires them to open their home for inspection. The cost for their stepparent adoption was approximately $4,200.00. This same costly and time-consuming adoption process is not required of opposite-sex married couples who artificially conceive a child. Instead, the non-biological father who is married to the birth mother is listed on the birth certificate and recognized as the child's father.

Plaintiffs Ashlee and Ruby Henderson were married on November 11, 2014, in Tippecanoe County, Indiana. They had been together as a couple for over eight years prior to their marriage, and they decided that they wanted a child in their family. After the couple's artificial conception of L.W.C.H., the Indiana statute prohibiting same-sex marriage was declared unconstitutional, so Ashlee and Ruby married.

During the week of November 2, 2014, the couple contacted IU Health Arnett Hospital, where L.W.C.H. would be born, to ask if both spouses would be listed on the birth certificate as parents of L.W.C.H. after the couple was married. They were told to contact the Tippecanoe County Health Department, which they did the same day. They were informed that Ashlee would not be listed on the birth certificate as a parent of L.W.C.H. without a court order.

On December 22, 2014, L.W.C.H. was born at IU Health Arnett Hospital in Lafayette, Indiana. After the child's birth, Ruby was asked to complete the Indiana Birth Worksheet. The couple revised each question asking for information regarding the father of the child by replacing the term "father" with the term "Mother #2." All information provided regarding "Mother #2" related to Ashlee, the legal spouse of Ruby who was the birth mother. On January 22, 2015, the Tippecanoe County Health Department issued L.W.C.H.'s birth certificate, which noted only Ruby Henderson as a parent.

The other Plaintiff female, same-sex married couples have had similar experiences as Elizabeth and Tonya Bush-Sawyer and Ashlee and Ruby Henderson and their children. Only the birth mother has been recognized as a parent of the couples' children, and only the birth mother's name has appeared on the birth certificate of the child. Because of this result, the Plaintiffs filed this action and requested declaratory and injunctive relief. They asked the Court to direct the State Defendant to recognize both Plaintiff spouses as a parent of their children and to list both Plaintiff spouses as a parent on their children's birth certificate. They also asked the Court for a declaration that Indiana Code §§ 31-9-2-15, 31-9-2-16, and 31-14-7-1 violate the Equal Protection and Due Process Clauses of the Fourteenth Amendment.

The parties filed cross-motions for summary judgment on the Plaintiffs' claims, and the Court granted the County Defendant's motion, granted the Plaintiffs' motion against the State Defendant, and denied the State Defendant's motion ([Filing No. 116](Filing No. 116)). The Court determined that the challenged statutes and the State Defendant's implementation of the statutes through the Indiana Birth Worksheet resulted in the State's discriminatory treatment of female, same-sex married couples when creating and issuing birth certificates, thereby violating the Equal Protection Clause. The Court further determined that the Plaintiffs' due process rights were violated.

4

The Court entered a permanent injunction enjoining the State Defendant (1) from enforcing Indiana Code §§ 31-9-2-15, 31-9-2-16, and 31-14-7-1 in a manner that prevents the presumption of parenthood to be granted to female, same-sex spouses of birth mothers; (2) to recognize children born to a birth mother who is legally married to a same-sex spouse as a child born in wedlock; (3) to recognize the Plaintiff children in this matter as a child born in wedlock; and (4) to recognize the Plaintiff spouses in this matter as a parent to their respective Plaintiff child and to identify both Plaintiff spouses as parents on their respective Plaintiff child's birth certificate (Filing No. 117). The State Defendant filed its Motion to Amend Judgment, seeking clarification and modification of the declaratory judgment and permanent injunction.

## II.   LEGAL STANDARD

A motion to alter or amend a judgment under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The purpose of a motion to alter or amend a judgment under Rule 59(e) is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent."

*Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

### III.    DISCUSSION

The State Defendant asks the Court to modify and clarify the declaratory judgment and permanent injunction. First, it asserts that the Court lacks jurisdiction to enter a declaration or injunction governing enforcement of Indiana Code §§ 31-9-2-15 and 31-9-2-16, concerning whether children are "born in wedlock" or "born out of wedlock." It asks the Court to remove any declaration or injunction directed at these two statutes. The State Defendant argues that the Plaintiffs lack Article III standing to challenge the statutes because the statutes only apply to adoption proceedings, and thus, the Plaintiffs are not injured by the statutes because their alleged injuries do not arise within the adoption context. The State Defendant asserts the challenged statutes simply have no relevance to the Plaintiffs; therefore, they have no standing, resulting in a lack of jurisdiction in this Court.

In one cursory paragraph in its opening summary judgment brief, the State Defendant alleged that the Plaintiffs lack standing to challenge the statutes (*see* Filing No. 85 at 22). Then, in three pages of its reply brief, the State Defendant more fully addressed its standing argument (Filing No. 108 at 9–12). The State Defendant now again advances this same argument that the Plaintiffs lack standing to challenge the statutes because the statutes only apply to adoption proceedings, and thus, the Plaintiffs are not injured by the statutes. However, the State Defendant has failed to point out a manifest error of law or fact. Furthermore, a Rule 59(e) motion is not an opportunity to relitigate motions.

In the Court's summary judgment order, the Court explained that it was convinced by the evidence and argument that the State's regulatory system for creating and issuing birth certificates in the State of Indiana is dictated and implemented by the State Defendant, and thus, the real injury to the Plaintiffs came from the State Defendant's implementation of the statutes (Filing No. 116 at 15). The Court also addressed the void that Indiana's statutory framework has created that has led to the State's discriminatory conduct when completing the Indiana Birth Worksheet and creating and issuing birth certificates (Filing No. 116 at 22).

Because the State Defendant has failed to point out a manifest error of law or fact and seems to simply relitigate its argument from its summary judgment reply brief, the Court **DENIES** the Motion to Amend Judgment regarding the request to remove any declaration or injunction directed at Indiana Code §§ 31-9-2-15 and 31-9-2-16.

Next, the State Defendant asks the Court to clarify the declaratory judgment regarding the constitutionality of the statutes, whether they are unconstitutional facially or as applied. The Court **GRANTS** the State Defendant's request to clarify the judgment, not to modify the judgment but to simply provide clarification. As discussed throughout the Court's summary judgment Order, the constitutionality of the challenged statutes were analyzed in the context of the "benefits being afforded to female, same-sex married couples," "applying the same rights to female, same-sex married couples," "applying the statutes," "application of the statutes," and "implementation of the statutes." (*See* Filing No. 116.) The Court's declaratory judgment that Indiana Code §§ 31-9-2-15, 31-9-2-16, and 31-14-7-1 violate the Equal Protection and Due Process Clauses is a declaration of unconstitutionality as applied to female, same-sex married couples who have children during their marriage.

The State Defendant also asks the Court to clarify the permanent injunction regarding whether it applies to wives of all birth mothers or only to wives of birth mothers who conceived through artificial insemination by an anonymous donor. Again, the Court **GRANTS** the State Defendant's request to clarify the judgment, not to modify the judgment but to simply provide clarification. The State Defendant seems to advance new argument to apply further limitations to the Court's already-issued permanent injunction. Again, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g*, 2009 U.S. Dist. LEXIS 25485, at *7. Nowhere in the Court's Orders were "anonymous donors" discussed or considered. The Court's permanent injunction provides relief to "female, same-sex spouses of birth mothers" and "children born to a birth mother who is married to a same-sex spouse." (Filing No. 117 at 1.) The Order means what it says and says what it means. It applies to female, same-sex spouses of birth mothers and children born to a birth mother who is married to a same-sex spouse. It does not apply additional limitations as the State Defendant questions.

Finally, the State Defendant asks the Court to clarify the permanent injunction regarding whether the presumption of parenthood is conclusive or rebuttable. The Court **GRANTS** the State Defendant's request to clarify the judgment. The State Defendant notes that "[t]he Court appears to intend to give wives of birth mothers comparable rights to husbands of birth mothers." (Filing No. 120 at 11.) The State Defendant's observation is correct. The Court's Orders did not modify or limit the rebuttable nature of the presumption of parenthood. Thus, the same methods for rebutting the presumption of parenthood of the husband of a birth mother are available for rebutting the presumption of parenthood of the wife of a birth mother.

## IV. CONCLUSION

For the reasons discussed above, the State Defendant's Motion to Amend Judgment (Filing No. 119), seeking to clarify and modify the Court's declaratory judgment and permanent injunction, is **granted in part and denied in part**.

**SO ORDERED.**

Date: 12/30/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Karen Celestino-Horseman
AUSTIN & JONES, PC
karen@kchorseman.com

Richard A. Mann
RICHARD A. MANN, PC
rmann@mannlaw.us

Megan L. Gehring
RICHARD A. MANN, PC
mgehring@mannlaw.us

Raymond L. Faust
NORRIS CHOPLIN & SCHROEDER LLP
rfaust@ncs-law.com

William R. Groth
FILLENWARTH DENNERLINE GROTH & TOWE LLP
wgroth@fdgtlaborlaw.com

Douglas Joseph Masson
HOFFMAN LUHMAN & MASSON PC
djm@hlblaw.com

J. Grant Tucker
JONES PATTERSON BOLL & TUCKER
gtucker_2004@yahoo.com

Lara K. Langeneckert
OFFICE OF THE ATTORNEY GENERAL
lara.langeneckert@atg.in.gov

Thomas M. Fisher
OFFICE OF THE ATTORNEY GENERAL
tom.fisher@atg.in.gov

Nikki G. Ashmore
OFFICE OF THE ATTORNEY GENERAL
Nikki.Ashmore@atg.in.gov

Betsy M. Isenberg
OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Anna M. Konradi
FAEGRE BAKER DANIELS LLP
anna.konradi@Faegrebd.com

Anne Kramer Ricchiuto
FAEGRE BAKER DANIELS LLP
anne.ricchiuto@FaegreBD.com

Anthony Scott Chinn
FAEGRE BAKER DANIELS LLP
scott.chinn@faegrebd.com

Michael James Wright
WRIGHT SHAGLEY & LOWERY, PC
mwright@wslfirm.com